CORRECTED

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-0417V**
UNPUBLISHED

PETER GABRIEL,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: December 16, 2022

Special Processing Unit (SPU); Petitioner's Motion for a Decision Dismissing the Petition; Statutory Six-Month Requirement; Insufficient Evidence; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA)

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION[1]

On January 8, 2021, Peter Gabriel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving the influenza ("flu") vaccine on September 22, 2020. Petition at 1, ¶ 2. In particular, he contended that his "left shoulder injuries and sequelae, lasted more than six (6) months)." *Id.* at ¶ 4.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 9, 2022, Respondent filed a status report identifying multiple deficiencies identified by Respondent's counsel. ECF No. 18. In particular, Respondent asserted that "Petitioner's medical records do no [sic] support a finding that [P]etitioner suffered residual effects or complications of his alleged injury for more than six months." *Id.* at 1.

After concluding that, based upon the record as it currently stood, I could not find that Petitioner provided sufficient evidence to meet the Vaccine Act's six-month severity requirement, I directed Petitioner to provide the additional evidence to address the deficiencies identified by Respondent. ECF No. 19; *see* Section 11(c)(1)(D)(i) (Vaccine Act's severity requirement).

On September 19, 2022, Petitioner moved for a decision dismissing his petition. ECF No. 21. In the motion, Petitioner acknowledged that he "is unable to provide additional evidence that his left shoulder pain persisted for longer than 6 months, and will therefore be unable to prove that he is entitled to compensation in the Vaccine Program." *Id.* at ¶ 2. Petitioner added that "to proceed any further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program." *Id.* at ¶ 3. Petitioner expressed his understanding that "a decision by the Special Master dismissing his Petition will result in a judgment against him . . . [and] will end all of his rights in the Vaccine Program." *Id*. at ¶ 3. He indicated that he "intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action." *Id.* at ¶ 4.

To receive compensation under the Program, a petitioner must prove that he received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that he suffered the residual effects of his injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D)(i). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered the residual effects of his alleged SIRVA injury for more than six months. For these reasons, and in accordance with Section

12(d)(3)(A), **Petitioner's claim for compensation is DENIED and this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.