# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0417V

| | |
|---|---|
| PETER GABRIEL, | Chief Special Master Corcoran |
| Petitioner, | Filed: November 3, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Peter Gabriel filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving the influenza ("flu") vaccine on September 22, 2020. Petition at 1, ¶ 2. Given concerns about the potential removal of SIRVA from the Vaccine Injury Table,[3] Petitioner filed the claim somewhat

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Mr. Gabriel filed the Petition less than four months post-vaccination, along with the vaccine record (Exhibit 1), some prior medical records (Exhibit 2), and an affidavit from Petitioner's counsel stating that the Petition had been filed without all required medical records, "[d]ue to the potential Table amendment proposed by [R]espondent which would divest victims of shoulder injuries related to vaccine administration (SIRVA) the benefit of a 'Table' claim" (Exhibit 3 at ¶ 1). On July 20, 2020, the Secretary of Health and Human Services

prematurely, alleging that his "left shoulder injuries and sequelae lasted more than six (6) months" before that was factually possible. Petition at ¶ 4; *see* Section 11(c)(1)(D)(i) (statutory six-month severity requirement).

On September 19, 2022, Petitioner filed a motion requesting that I dismiss his claim because he was "is unable to provide additional evidence that his left shoulder pain persisted for longer than 6 months, and will therefore be unable to prove that he is entitled to compensation in the Vaccine Program." Petitioner's Motion for a Decision Dismissing His Petition at ¶ 4, ECF No. 21. I granted Petitioner's motion on December 19, 2022. ECF No. 22.

On March 7, 2023, Petitioner filed a request for an award of $8,067.72 in attorney's fees and costs. Petitioner's Application for Attorneys' Fees and Costs, ECF No. 27. In the motion, Petitioner did not address the statutory requirements of good faith and reasonable basis, prerequisites for any attorney's fees and costs award in unsuccessful cases. *See* Section 15(e)(1).

On April 19, 2023, Respondent filed a response, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Petitioner's Motion for Fees and Costs at 2, ECF No. 28. Petitioner did not file a reply.

For the reasons discussed below, Petitioner has failed to establish there was a reasonable basis for his claim. Thus, he is not entitled to an award of attorney's fees and costs, and the fees motion is denied.

## I.   Applicable Legal Standards

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the

---

proposed the removal of SIRVA from the Vaccine Injury Table. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Proposed Rule, 85 Fed. Reg. 43794 (July 20, 2020). The proposed rule was finalized six months later. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Final Rule, 86 Fed. Reg. 6249 (Jan. 21, 2021). Approximately one month later, the effective date for the final rule was delayed. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Delay of Effective Date, 86 Fed. Reg. 10835 (Feb. 23, 2021) (delaying the effective date of the final rule until April 23, 2021). On April 22, 2021, the final rule removing SIRVA from the Vaccine Table was rescinded. National Vaccine Injury Compensation Program: Revisions to the Vaccine Injury Table, Withdrawal of Final Rule, 86 Fed. Reg. 21209 (Apr. 22, 2021).

Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[4] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis

---

[4] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"*). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

## II. Analysis

Although Mr. Gabriel filed the Petition in this case less than four months post-vaccination, well before six-months of sequela could have occurred, such early filing has been allowed in the Program. *Sewell v. Sec'y of Health & Human Servs.,* No.12-0124V, 2012 WL 2264499 (Fed. Cl. Spec. Mstr. May 25, 2012). However, Petitioner still must establish that this obvious defect has been cured. And by Petitioner's own admission, he cannot now show that he suffered the residual effects of his alleged SIRVA for more than six months.

The Circuit and the Court have plainly noted that determinations by counsel to "rush" filings may reflect a good faith effort to prosecute a claim, but cannot amount to objective proof in support of a claim required to satisfy the reasonable basis standard. In *Simmons*, the Federal Circuit clearly held that the pending expiration of the Vaccine Act's statute of limitations would not convey a reasonable basis which would otherwise not exist, and that efforts to "beat the clock" in a filing should be considered only when determining whether good faith exists. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635, 636 (Fed. Cir. 2017).

The present record contains *some* evidence that Petitioner (77 years old at the time of vaccination) experienced temporary swelling following receipt of the flu vaccine on September 22, 2020 - primarily medical histories provided by Petitioner within a few days of vaccination. Exhibit 5[5] at 54-55, 59, 63, 65, 68. By early October 2020, however,

---

[5] Although Petitioner labeled both the affidavit filed on March 5, 2021, at ECF No. 8, and medical records filed March 23, 2021, at ECF No. 10, as Exhibit 5, the updated exhibit lists filed show the affidavit should

4

Petitioner reported a significant reduction of swelling and some improvement in pain. *Id.* at 46-48. On October 6, 2020, any swelling Petitioner had experienced was described as resolved. *Id.* at 41.

Although Petitioner continued to seek treatment for left shoulder pain through December 2020, the symptoms of pain and limited range of motion that he described mirrored complaints he made in late 2018 through 2019, during the two years prior to vaccination.[6] Exhibit 5 at 272-84. And there is *no* evidence of *any* left shoulder complaints beyond December 2020 (then approximately three months post-vaccination). Medical records from January and February 2021 show concerns related to diarrhea, a cough, and a concern for COVID, routine bloodwork, a request for a repeat urinalysis, dissatisfaction with his primary care provider, and back and left leg pain that began after picking up firewood. Exhibit 5 at 12-16, 22-32.

This lack of supporting evidence, especially of sequelae lasting more than six months post-vaccination, means the claim was untenable from the outset. And this is not a case in which the development of a fact, out of ambiguous records, *later* revealed that a claim that initially appeared viable in fact was not. Indeed – the case was filed despite the risk that severity could not later be established. As a result (and although I sympathize with Petitioner's desire to file this claim in advance of an anticipated change in the law, to preserve the claim), I cannot find even a scintilla of evidence would have supported it on this critical requirement. In such circumstances, the Act places the risk of filing the claim on counsel, and does not allow an award of fees.

### III.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the Petition was brought in good faith and there was a reasonable basis for the claim for which the Petition was brought. Section 15(e)(1). But Petitioner has failed to provide evidence establishing there was a reasonable basis for filing his claim. **Petitioner's motion for attorney's fees and costs is therefore <u>DENIED</u>.**

---

have been labeled Exhibit 4. ECF Nos. 8-1, 10-1. Thus, any reference to Exhibit 5 is to the medical records filed on March 23, 2021, at ECF No. 10-2.

[6] In December 2018, Petitioner reported left shoulder pain and reduced range of motion thought to be due to degenerative changes seen on x-rays and repetitive activity, specifically heavy lifting and yardwork. *Id.* at 281, 284. Although he declined to undergo an MRI, Petitioner's treating physicians believed his symptoms were indicative of a rotator cuff tear. *Id.* at 272, 276, 279.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.